## BRADLEY et al. v. SMITH.

No. 9780—Opinion Filed June 29, 1920.

(Syllabus by the Court.)

**Judicial Sales—Validity—Sale by Sheriff After Removal.**

By virtue of section 1702, Rev. Laws 1910, where a sheriff received an order of sale from the district court to sell certain real estate, and advertised the property for sale on the 3rd day of March, he may sell the same on said date, although he had been removed from office on the 2nd day of March, and the sale conducted by him and approved by the court is not void for the reason he was not sheriff at the time of said sale.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by Wesley M. Smith against Napoleon J. Bradley and wife on notes and to foreclose real estate mortgage. Judgment for plaintiff; motion by defendants to set aside order confirming sale overruled, and they bring error. Affirmed.

Charles B. Mitchell, Albert D. Bennett, and Dennis H. Wilson, for plaintiffs in error.

L. A. Wetzel, for defendant in error.

McNEILL, J. This action was commenced in the district court of Ottawa county by Wesley M. Smith, plaintiff, against Napoleon J. Bradley and wife to recover a money judgment on certain notes and to foreclose a real estate mortgage given as security on said notes. Personal service was had on the defendants and judgment was rendered on the 15th day of May, 1914, for the amount of said notes, and for foreclosure of mortgage on certain lots in Miami, Oklahoma. No appeal was taken from the judgment, and the same became final. On the 15th day of January, 1916, an order of sale was issued out of the district court of Ottawa county directing the sheriff of said county to advertise according to law and sell the lots described in the mortgage. G. O. Gibson was sheriff, and he advertised the property would be sold at sheriff's sale on March 3, 1916, at 2 p. m. The return of the officers discloses the sale was conducted by Gibson, and Smith, the plaintiff, purchased the property at said sale. Thereafter, on the 19th day of April,

1916, a motion was filed to confirm said sale, and on said date the court made an order confirming said sale and ordering the sheriff to execute a deed to the purchaser. On the 29th day of April, the defendants, Bradley and wife, filed a motion to set aside the order confirming the sale for the reason they had intended to file objections, and further alleged that fraud and deceit were practiced on the court. The motion did not set out what the fraud or deceit consisted of, but simply contained the allegation that fraud and deceit had been practiced.

On April 29, 1916, it appears another motion was filed by the attorney for Mr. Smith to confirm the sale. These motions were never passed on by the court, and attorneys for the Bradleys contended they are still undisposed of. On April 30, 1917, on motion of the plaintiff, the court made an order directing Ed Freeman, sheriff of said county and successor to G. O. Gibson, to execute a sheriff's deed to Smith. Thereafter, on October 11, 1917, the Bradleys filed a supplemental motion, praying that the order confirming the sale be set aside for the reason that G. O. Gibson, the sheriff of Ottawa county, was removed from office March 2, 1916, and was suspended until the 7th day of September, 1916, and that on the 3rd day of March, when the sale was conducted, the said G. O. Gibson was not the sheriff of Ottawa county. To the motion, certain affidavits were attached to support this contention. This motion was overruled by the court, and the defendants Bradley filed a motion for new trial, which was overruled, and they have now appealed from said order to this court.

It is the contention of the Bradleys that when G. O. Gibson, the sheriff, was removed from the office on March 2nd, and thereafter sold the property on March 3rd, the sale and proceedings by him were void. In this we cannot agree. The Legislature has made provision for just such conditions as this by adopting section 1702, Rev. Laws 1910, which is as follows:

"Sheriffs, undersheriffs and deputies may execute and return all such writs and processes as shall be in their hands at the expiration of their office, or at the time of their removal from office, which they shall have begun to execute by service, levy or collection of money thereon."

This statute does not appear to have ever been construed by this court, but an identical statute was construed by the Supreme Court of Kansas in the case of Head v. Daniels, 38 Kan. 2, 15 Pac. 911. A portion of the 9th paragraph of the syllabus is as follows:

"Where a sheriff levies an execution upon real estate and advertises the property for

sale, he may then sell the same although his term of office expired two days before the sale."

It is unnecessary for us to quote further from the opinion. This case is identical with the facts in the case at bar, and construes an identical statute, and we know of no decisions to the contrary and see no reason why the same should not be followed.

There were no other reasons set out in the motion why the order confirming the sale should be set aside; no fraud was alleged or attempted to be proven, but the only ground relied upon was that the party who had conducted the sale was not sheriff at the time, but had been suspended. The statute having authorized the sheriff to make said sale although his term of office had expired or he had been removed, said proceedings would not be void. It therefore follows that the trial court did not err in overruling the motion to set aside the order confirming the sale.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, V. C. J., and PITCHFORD, JOHNSON, and RAMSEY, JJ., concur.